UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-10-00221 SBA |
| Plaintiff, | )<br>)<br>) | ORDER GRANTING STIPULATED REQUEST TO SEVER COUNT THREE FROM COUNTS ONE AND TWO FOR TRIAL |
| v. | ) | |
| JORGE CAZAHONDA, | )<br>) | Date: September 27, 2011 |
| Defendant. | )<br>) | Time: 11:00 a.m.<br>Court: Hon. Saundra Brown Armstrong |
| | ) | |

Defendant is charged in a three-count Superseding Indictment with the following: (1) possession with the intent to distribute 50 or more grams of actual methamphetamine in violation Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii); (2) carrying and possessing a firearm during, in relation to, and in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and (3) being a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1). All charges stem from the same incident and arrest on March 11, 2010 and are, therefore, properly joined pursuant to Federal Rule of Criminal Procedure 8(a). The case is set for trial before this Court on November 7, 2011.

According to the parties, defendant has declined to stipulate to the fact that he has a prior felony conviction, an element of the felon-in-possession offense charged in Count Three of the

STIP. REQ. TO SEVER COUNTS FOR TRIAL
No. CR-10-00221 SBA

Superseding Indictment. As a result, if Count Three were to remain joined with the other counts for trial, the United States would be required to present evidence of defendant's prior felony convictions. The parties, therefore, stipulated and agreed that Count Three should be severed from Counts One and Two for trial.

"[T]he practice of consolidating 'felon in possession charges' without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this Circuit, or, for that matter, by other Circuits." United States v. Nguyen, 88 F.3d 812, 815 (9th Cir. 1996). The risk of such consolidation is that "the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges." Id. To prevent the jury from hearing about a prior felony conviction, "courts have used severance of the counts, bifurcation of the trial to separate the felon in possession count from the other counts, or stipulation to the prior felony." Id. Indeed, in an unpublished decision, this Court previously employed a similar remedy in these circumstances. United States v. Chant, No. CR 94-0049 SBA, 1997 U.S. Dist. LEXIS 24156, *37 (N.D. Cal. 1997) ("In this case, it does not appear that the defendant is willing to stipulate to the fact of his prior Ontario convictions. Therefore, based on the authority noted above and the circumstances of this case, the Court finds that the most effective and efficient way to insulate the defendant's felon in possession charge from the prejudicial effect of the other offenses charged in the indictment is to bifurcate the defendant's trial. Accordingly, the § 922(g)(1) charge will be tried after the jury has rendered a verdict on the other counts charged in the consolidated indictment.").

**IT IS HEREBY ORDERED** that Count Three of the Superseding Indictment, alleging that defendant violated Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm and ammunition), is severed from Counts One (violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii)) and Two (violation of Title 18, United States Code, Section 924(c)(1)(A)(i)) for trial. The jury trial for Counts One and Two of the Superseding

////

////

Indictment shall remain on November 7, 2011.  Trial on Count Three shall commence after the jury has rendered a verdict on Counts One and Two.

DATED:_9/9/11

_____
HON. SAUNDRA BROWN ARMSTRONG
United States District Judge

STIP. REQ. TO SEVER COUNTS FOR TRIAL
No. CR-10-00221 SBA